IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARK MOELLER; JANE MOELLER; | : | No. 3:05cv334 |
| JEFFREY GONZALEZ; LAURA BLAINE; | : | |
| KRIS SCHWENKE; and TIM THURSTON, | : | (Judge Munley) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| BRADFORD COUNTY; CAROL L. | : | |
| LAVERY, *in her official capacity as* | : | |
| *Acting Director of the Pennsylvania* | : | |
| *Commission on Crime and Delinquency*; | : | |
| ALBERTO GONZALEZ, *in his official* | : | |
| *capacity as Attorney General of the United* | : | |
| *States*; THE FIRM FOUNDATION OF | : | |
| AMERICA, d/b/a THE FIRM | : | |
| FOUNDATION OF BRADFORD COUNTY; | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the Court for disposition are objections to a Report and Recommendation from United States Magistrate Judge Thomas M. Blewitt disposing of Defendant Bradford County's ("the County") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs have filed an objection and the County has filed three. These matters have been fully briefed and are ripe for disposition. For the following reasons, we will sustain the Plaintiffs' Objection and overrule the Defendants'.

**I.    Background**[1]

The Firm Foundation received federal, state, and local government funding to operate

---

[1] The following background facts are derived from the Complaint (Doc. 1). This summary is contained in our previous Order of February 10, 2006, which adopted two previous Report and Recommendations.

a vocational training program for inmates in the Bradford County Correctional Facility, which is the jail for Bradford County, Pennsylvania ("the County"). The program not only provides vocational training, but spends a significant amount of time and resources on religious discussions, religious lectures, and prayer. The Firm Foundation describes its program as a prison ministry. It requires its staff to adhere to Christian beliefs and to share these beliefs when the opportunity arises. The Firm Foundation routinely proselytizes to the inmates in the vocational training program, and does not make an effort to segregate government funds for the purely secular purpose of vocational training. This program is the only program available to Bradford County inmates that provides vocational training or teaches employment skills.

The Firm Foundation received funds derived from a federal grant under the Workforce Investment Act from the United States Department of Labor. The Department of Labor awarded the funds to the Team Pennsylvania Workforce Initiative Board, which manages the funds in Pennsylvania. The Pennsylvania Board then awarded a portion of those funds as a sub-grant to the Northern Tier Regional Planning and Development Commission. The Regional Commission then granted some of those funds to the Firm Foundation.

The Firm Foundation also received funds from Bradford County and the Pennsylvania Commission on Crime and Delinquency. The County applied to the Commission on Crime for funds for the Firm Foundation, and, under the authority of Defendant Carol L. Lavery, the Commission on Crime approved the application. The County and the Firm Foundation then

2

signed a contract governing payment of the grant. In the middle of 2004, the County applied to the Commission on Crime for a continuation grant. Again, the funds were approved, but on this occasion some of the funds came from the Federal Drug Control and System Improvement Program, and the remaining money came from state funds. Additionally, the Firm Foundation inmates received hourly wages from Bradford County Action, which received the funds from the Regional Commission, which received the funds under the Workforce Investment Act.

Plaintiffs Clark Moeller, Jane Moeller, Jeffrey Gonzalez, Laura Blain, and Kris Schwenke are residents of Bradford County who pay taxes to the United States, the Commonwealth of Pennsylvania, and Bradford County. Each objects to the Firm Foundation's use of taxpayer funds for a religious purpose. Plaintiff Tim Thurston is a resident of Bradford County, a former inmate of the jail, and a former participant in the Firm Foundation's program.

**II.     Procedural Background**

On February 17, 2005, Plaintiffs filed the instant three count Complaint. In Count I, they allege that the government's support of the Firm Foundation violates the Establishment Clause of the First Amendment to the United States Constitution. In Count II, they allege the support violates Section Three of the Declaration of Rights of the Pennsylvania Constitution. In Count III, they allege the support violates Section 29 of Article II of the Pennsylvania Constitution. Plaintiffs seek an injunction prohibiting the defendants from funding the Firm

3

Foundation so long as the program continues its religious instruction and activity, religious coercion of inmates, or discrimination in employment. Plaintiffs also seek an injunction requiring Bradford County, Carol Lavery, and Defendant Alberto Gonzalez, the United States Attorney General, to monitor all grants given to faith based organizations to ensure that the funds are not used in a manner prohibited by the United States or Pennsylvania Constitutions. They seek a declaration that providing funds that flow to the Firm Foundation without adequately monitoring the use of the funds violates the United States and Pennsylvania Constitutions. They also seek monetary damages for the recoupment of the funds used for religious purposes, and finally, they seek nominal damages.

Defendant Firm Foundation filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It argued: 1) it was not a state actor; 2) Plaintiffs have no private cause of action to recover damages under the Pennsylvania Constitution; 3) Plaintiffs cannot recover nominal damages if they have standing solely as taxpayers; and 4) Plaintiff Thurston's claims for declaratory and injunctive relief are moot because he is no longer an inmate. Magistrate Judge Blewitt issued a report and recommendation suggesting: 1) the Complaint sufficiently alleged that the Firm Foundation was a state actor; 2) we should decline to exercise supplemental jurisdiction over the state constitutional claims because the issue of whether Plaintiffs can recover damages for violations of the Pennsylvania Constitution is a novel issue of state law; 3) Plaintiffs may recover nominal damages, and 4) Plaintiff Thurston's claims for injunctive relief are moot. The Firm Foundation objected to

the state actor and the nominal damages issues, and Plaintiffs filed no objections.  We overruled the objections and adopted the Report and Recommendation.

Defendant Alberto Gonzalez also filed a motion to dismiss pursuant to 12(b)(6).  He argued that: 1) Plaintiffs lacked standing to complain about his funding decisions; 2) they lacked standing to request injunctive relief as to all future Department of Justice (DOJ) grants; and 3) he is entitled to summary judgment on Plaintiffs' claims that he failed to appropriately monitor his funding.

Magistrate Judge Blewitt issued a Report and Recommendation agreeing with Gonzalez on the first and second issues, but found it premature to grant summary judgment. Gonzalez filed no objections and Plaintiffs objected to Magistrate Judge Blewitt's conclusion that they lacked standing to complain about the funding.  We sustained this objection, but adopted the Report and Recommendation in all other respects.

## II. Jurisdiction

As this case is brought pursuant to the Establishment Clause of the First Amendment of the United States Constitution, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III. Standard

"Under Rule 12(c), judgment will not be granted 'unless the movant clearly

5

establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Jablonski v. Pan American World Airlines, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (quoting Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1989)). The standard for a motion filed under Federal Rule of Civil Procedure 12(c) is the same for those filed under 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 1997). When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**IV.     Discussion**

The County advanced six arguments before Magistrate Judge Blewitt in support of its Motion for Judgment on the Pleadings. First, it argued that Plaintiffs lack standing to assert a claim against it. Second, it argued that Plaintiffs' allegations of religious coercion are insufficient to state an Establishment Clause claim. Third, it maintained that Plaintiffs failed

to state an Establishment Clause claim under theories other than religious coercion.  Fourth, it asserted that Plaintiffs' allegations do not support the claim that the County is financing religious discrimination in employment.  Fifth, it contended that Thurston's claims are moot.  Finally, it argued that Plaintiffs failed to state a claim under the Pennsylvania Constitution.

In his Report and Recommendation, Magistrate Judge Blewitt proposed that we decline to exercise supplemental jurisdiction over Plaintiffs' Pennsylvania constitution claims.  He further suggested that Plaintiffs have standing to assert an Establishment Clause claim and have in fact stated this claim.  Plaintiffs filed an objection to the former conclusion and the County filed objections to the latter two.  Plaintiffs argue that it is clearly established that a claimant may bring suit for injunctive relief based on the Pennsylvania Constitution.  The County again argues that Plaintiffs failed to state an Establishment Clause claim.  We will address these issues seperately.

**A.     Plaintiffs' Objection: Injunction for State Constitutional Violations**

The Report and Recommendation proposes that we dismiss the Pennsyvlania Constitutional claims based on the reasoning of our February 10, 2006 Order.  There, we adopted a Report and Recommendation suggesting that we decline to exercise jurisdiction over Plaintiffs' Pennsylvania Constitution claim because the issue of whether a plaintiff can recover damages for a violation of the Pennsylvania Constitution is an unsettled area of state law.  Plaintiffs did not file objections to that Report and Recommendation.

Here, Plaintiffs have filed objections and argue that since they have requested

injunctive relief, we should maintain jurisdiction solely for the purpose of determining whether injunctive or declaratory relief is available. As they correctly note, it is well settled that individual plaintiffs may bring suit for injunctive relief under the Pennsylvania Constitution. See Klump v. Nazareth Area School District, 425 F. Supp. 2d 622, 629 (E.D. Pa. 2006) (dismissing claim for damages under the Pennsylvania Constitution but retaining claim for injunctive and declaratory relief).

Although our previous Memorandum and Order and the prior Report and Recommendation were broadly worded, they did not address whether Plaintiffs may maintain a claim for injunctive and declaratory relief. The law is well settled that they can. Id. As our prior reasoning established, our previous Order declined to exercise supplemental jurisdiction solely to the extent that Plaintiffs sought damages under the Pennsylvania Constitution. Therefore, we will sustain the objections and hold that Plaintiffs' claims under the Pennsylvania Constitution will proceed to the extent that they seek injunctive and declaratory relief.

### B. The County's Objections

The County raises three objections to the Report and Recommendation: 1) Plaintiffs' pleadings fail to satisfy the requirements of Federal Rule of Civil Procedure 8(a); 2) Plaintiffs' allegation that the County granted funds to the Firm Foundation is insufficient to establish that it violated the Establishment Clause; and 3) Plaintiffs' allegations are insufficient to state an Establishment Clause claim based on the Firm Foundations' religious

discrimination.

### 1) Notice Pleading under Rule 8(a)

A complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). This requires that the pleading provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lundy v. Amadar of New Jersey, 34 F.3d 1173, 1194 n.4 (3d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 47-48 (1957)). Plaintiffs alleged that the County hired the Firm Foundation to provide vocational training to inmates. The County provides funds to the Firm Foundation to run this program, and it is the only vocational training program available to the inmates. The Firm Foundation, however, not only provides vocational training, but also proselytizes to inmates, considers itself a prison ministry, and discriminates in its hiring practices on the basis of religion.

The County argues that these allegations are insufficient to place them on notice of Plaintiffs' claim because Plaintiffs have not identified the time and place of the alleged wrongdoing, and has not identified the responsible officials. We find that Plaintiffs' Complaint is sufficient to place the defendants on notice because a civil rights complaint is not subject to heightened pleading standards, and thus, it need not identify the time and place of the alleged wrongdoing or the identity of the specific officials responsible. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004) ("Fundamentally, a heightened pleading requirement for civil rights complaints no longer retains vitality under the Federal Rules.").

Therefore, we will overrule this objection.

**2)    Grant Funds**

Next, the County argues that Plaintiffs have failed to allege an Establishment Clause violation because it alleges that the County provided the funds on a religion neutral basis. We disagree. Plaintiffs allege that the County chose to fund the Firm Foundation, which was a prison ministry that proselytized to inmates, for its vocational program in the County prison system, and it funded no other vocational program in the County prison system. Therefore, without commenting on the ultimate merits of this claim, we find that Plaintiffs have stated a claim upon which relief may be granted. See Freedom from Religion Foundation, Inc. v. Bugher, 249 F.3d 606, 612 (7th Cir. 2001) ("[S]tates may not make unrestricted cash payments directly to religious institutions.") (citing Tilton v. Richardson, 403 U.S. 672, 680-83 (1971)); Zelman v. Simmons-Harris, 536 U.S. 639, 649 (2002) (citations omitted) ("[O]ur decisions have drawn a consistent distinction between government programs that provide aid directly to religious schools . . . and programs of true private choice, in which government aid reaches religious schools only as a result of the genuine and independent choices of private individuals); Americans United for Separation of Church and State v. Prison Fellowship Ministries, 432 F. Supp. 2d 862, 933 (S.D. Iowa 2006) (finding state funding provided to prison rehabilitation program that included prayer as part of the rehabilitation process violated the Establishment Clause because it amounted to government sponsored indoctrination and created excessive entanglement of the government with the ministry).

Accordingly, we will deny this objection as well.

**3)       Employment Discrimination**

Finally, the County argues that Magistrate Judge Blewitt erred in finding that Plaintiffs stated a claim for employment discrimination. Again, we disagree. As Magistrate Judge Blewitt noted, Plaintiffs do not advance an employment discrimination claim. Rather, as part of their claim that the County's prison program violates the Constitution, they allege that the Firm Foundation discriminated on the basis of religion in hiring the program staff. This is one of many allegations regarding the Firm Foundation's religious activities, including that the vocational program spends a significant amount of time on religious discussions and prayer, the publicly funded staff pressures inmates to pray, and the program used inmates as labor for demolition work for the Greater Valley Assembly of God. No single allegation is its own claim, but all of the allegations are part of one Establishment Clause claim. These allegations are relevant to whether the program has the effect of advancing religion. Zelman, 536 U.S. at 648-49 ("The Establishment Clause . . . prevents a State from enacting laws that have the 'purpose' or 'effect' of advancing or inhibiting religion.'"). Therefore, we will deny the motion on this ground.

In conclusion, we will overrule each of the County's objections, and will sustain Plaintiffs' objection. We find that Plaintiffs have satisfied the notice pleading requirements and have stated a claim based on the Establishment Clause. In addition, Plaintiffs may maintain their Pennsylvania Constitutional claims solely to the extent that they seek

declaratory or injunctive relief.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARK MOELLER; JANE MOELLER;** | : | No. 3:05cv334 |
| **JEFFREY GONZALEZ; LAURA BLAINE;** | : | |
| **KRIS SCHWENKE; and TIM THURSTON,** | : | (Judge Munley) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| **BRADFORD COUNTY; CAROL L.** | : | |
| **LAVERY,** *in her official capacity as* | : | |
| *Acting Director of the Pennsylvania* | : | |
| *Commission on Crime and Delinquency*; | : | |
| **ALBERTO GONZALEZ,** *in his official* | : | |
| *capacity as Attorney General of the United* | : | |
| *States*; **THE FIRM FOUNDATION OF** | : | |
| **AMERICA, d/b/a THE FIRM** | : | |
| **FOUNDATION OF BRADFORD COUNTY;** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 10th day of August 2006, it is hereby **ORDERED** that:

1) The Report and Recommendation (Doc. 113) is hereby **ADOPTED** in part and **DECLINED** in part. We reject the Report and Recommendation to the extent that it suggests we should decline to exercise jurisdiction over Plaintiffs' claims for preliminary and injunctive relief based on the Pennsylvania Constitution. We adopt it in all other respects.

2) Plaintiffs' Objection (Doc. 118) is **SUSTAINED**.

3) Defendant Bradford County's Objections (Doc. 117) are **OVERRULED**.

3) This matter is remanded to United States Magistrate Judge Blewitt for further proceedings.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**