IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK MOELLER and : | |
| JANE MOELLER, et al., : | |
| : | CIVIL ACTION NO. **3:CV-05-0334** |
| : | |
| Plaintiffs : | (Judge Munley) |
| : | |
| v. : | (Magistrate Judge Blewitt) |
| : | |
| BRADFORD COUNTY, et al., : | |
| : | |
| : | |
| Defendants : | |

**MEMORANDUM AND ORDER**

**I. Background.**

The Plaintiffs, Clark and Jane Moeller, Jeffery Gonzalez, Laura Blain, Chris Schwenke and Tim Thurston, all residents of Bradford County, Pennsylvania, filed this action, through counsel for Americans United for Separation of Church and State and Pennsylvania American Civil Liberties Union, on February 17, 2005, seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq*. (Doc. 1). The named Defendants are Bradford County; Carl J. Anderson, (former) Executor Director of Pennsylvania Commission on Crime and Delinquency ("PCCD"); Alberto Gonzales, United States Attorney General; and The Firm Foundation of America, d/b/a/ The Firm Foundation of Bradford County ("FF"). On November 29, 2005, Defendant Bradford County ("BC") filed a Motion for Judgment on the Pleadings. (Doc. 101).[1]

---

[1] By Order of February 14, 2006, we directed Defendant Gonzales and Defendant FF to file their Answers to the remaining portions of the Complaint against them, Doc. 112. These Defendants filed their Answers on February 28, 2006 (FF) and March 2, 2006 (Gonzales). (Docs. 114 & 115).

On February 10, 2006, after BC filed its stated Motion, the District Court issued a Memorandum and Order in which it granted Defendant Firm Foundation's Motion to Dismiss to the extent that it dismissed Plaintiffs' state Constitutional claims and Plaintiff Thurtson's claims for injunctive and declaratory relief. (Doc. 111).[2] The District Court also granted Defendant Gonzales' Motion to Dismiss Plaintiff's claim for injunctive relief with respect to all future DOJ grants. (*Id*.). The Court denied the Motions to Dismiss in all other respects.[3]

On February 24, 2006, we issued a Report and Recommendation in which we recommended that the BC Defendant's Motion for Judgment on the Pleadings (Doc. 101) be granted in part and be denied in part. It was recommended that Defendant's Motion be granted with respect to Plaintiffs' claims under the Pennsylvania Constitution (Counts Two and Three).[4] It was also recommended that Defendant's Motion as to the mootness of Plaintiff Thurston's claims for declaratory judgment and injunctive relief be granted. Further, it was recommended that Defendant's Motion be denied with respect to Plaintiffs' § 1983 claim (Count One), violation of the Establishment Clause. Finally, it was recommended that Defendant's Motion be denied with

---

[2]*See* 2006 WL 319288 (M.D. Pa.).

[3]Defendants Bradford County and the Current Acting Director of PCCD (formerly Defendant Anderson) filed their Answers to Plaintiffs' Complaint (Docs. 19 & 22, respectively). Previously, we directed the Clerk of Court to substitute Lavery as a Defendant in place of Anderson. (Doc. 88). As noted above, the Answers of Defendants Gonzales and FF have been filed.

[4]Based on the District Court's February 10, 2006 Memorandum (Doc. 111), it was also recommended that Plaintiffs' claims under the Pennsylvania Constitution (Counts Two and Three) as to all Defendants be dismissed.

respect to Plaintiffs' religious employment discrimination claim under the Establishment Clause. (Doc. 113).

On August 10, 2006, the District Court issued a Memorandum and Order adopting, for the most part, our Report and Recommendation. (Doc. 132). The District Court rejected our Report and Recommendation only with respect to allowing Plaintiffs' claims under the Pennsylvania Constitution to proceed to the extent that they seek injunctive and declaratory relief.

This case was remanded to the undersigned for further proceedings.[5] A case management conference was held on September 11, 2006, and deadlines were set. (Docs. 140 & 141). Discovery then ensued.

Subsequently, on December 27, 2006, Defendant BC filed a Motion to Stay all proceedings in this case until the United States Supreme Court decides the case of *Freedom From Religion Foundation v. Chao*, 433 F. 3d 989 (7th Cir. 2006), *cert. granted sub nom. Hein v. Freedom From Religion Foundation*, 127 S.Ct. 722 (2006). **(Doc. 148)**. Defendant BC and Plaintiffs have briefed the Motion to Stay. (Docs. 149, 154, 156 & 160).[6] Presently ripe for disposition is Defendant BC's Motion to Stay all proceedings.

Upon Stipulation of the parties that an extension of discovery was required, the Court issued an Order on January 19, 2007, extending the discovery deadline to March 30, 2007, and the dispositive motions deadline was extended to April 20, 2007. (Doc. 157).

---

[5]We have been assigned this case for pre-trial matters.

[6]By Order, we allowed Plaintiffs to file a Sur-Reply Brief. Doc. 159.

## II. Standard.

### A. *Motion to Stay*

Plaintiffs correctly state the applicable standard which governs a Motion to Stay. (Doc. 154, p. 6). Since we find that the Plaintiffs have cited the proper standard governing the instant Motion, we shall not repeat it. Suffice to say that this Court "has broad discretion to stay proceedings incident to its power to control its docket, however, a party seeking a stay bears the burden of establishing that it is needed." *DePalma v. Medical Mavin, Ltd.*, 1998 WL 113432, * 2 (E.D. Pa.) (citing *Clinton v. Jones*, 117 S.Ct. 1636, 1650-51 (1997).

## III. Discussion.

Defendant BC argues that this Court should stay all proceedings in this case until the Supreme Court renders its decision in *Hein* since the *Hein* case may resolve the important Constitutional issue of standing that is also a central issue in the instant case. Defendant indicates that the Supreme Court has set oral argument on *Hein* for February 28, 2007, and it anticipates that the Court will issue its decision in June 2007. Defendant asserts that the standing issue in *Hein* is very similar to the important issue in our case as to whether Plaintiffs have standing to institute this action. Thus, Defendant points to the interests of judicial economy as a basis to grant its Motion. Defendants also contend that Plaintiffs have not claimed any prejudice from waiting several months to see the Supreme Court's decision in *Hein*.

Plaintiffs argue that this Court's previous finding that they indeed have standing to bring this suit was based on settled Supreme Court precedents and that the issue in *Hein* will not require the Supreme Court to reconsider these established precedents. It is entirely possible that the *Hein*

4

decision will not have any effect on this Court's finding with respect to Plaintiffs' standing.

We agree with Plaintiffs, for the reasons asserted in their Briefs, that the basis of Defendant's present Motion and its reliance on the cases of *Hein* and *Laskowski v. Notre Dame*, 443 F. 3d 930 (7th Cir. 2006), *cert. petition filed*, No. 06-582 (Oct. 27, 2006), to support its argument that the Supreme Court's decision in these case may show that our Plaintiffs lack standing, is simply too speculative. It is speculative as to if any decision issued by the Supreme Court in *Hein* would in fact affect our case and the standing decision this Court has rendered, and it is speculative as to when the Supreme Court will issue its decision. Further, as Plaintiffs state, the Supreme Court has not yet granted *certiorari* in *Laskowski*. Also, as Plaintiffs indicate, all federal litigation proceeds in light of the possibility that the Supreme Court, some day, may issue a future decision which might affect the outcome. However, if this Court were to stay all federal cases in which relevant issues, that have already been decided by this Court based on settled Supreme Court precedents, may arise in cases in which the Court has granted *certiorari*, we would have a needless backlog of cases when it is not even clear if the future decisions will affect the outcome of the pending cases. This Court is well aware, particularly in the civil rights litigation, that the Supreme Court is constantly issuing new decisions which may affect the ultimate outcome of the pending cases. Nonetheless, this Court proceeds with its cases and if required to do so, simply revisits an issue if a recent Supreme Court decision has an effect on any case.

We find the prudent course in this case is to deny, without prejudice, the Defendant's Motion to Stay. We do not find that the requested stay is necessary under the circumstances presented in our case. If the Supreme Court in fact issues a decision in either *Hein* or *Laskowski,*

or both, which actually affects the issue of Plaintiffs' standing in our case, then Defendant will be permitted to re-file its Motion. This procedure will alleviate the guess work which we find inherent in Defendant's current Motion. We also find that an indefinite stay of the entire case would be too prejudicial to Plaintiffs, since it is not clear to this Court that the *Hein* case will in fact cause us to revisit the standing issue, and since discovery has now been proceeding for some time, with the extended deadline of March 30, 2007 approaching. Further, we do not find that any Defendant will be prejudiced by a prompt resolution of this case.

Based on our consideration of the interests of the respective parties, the possible prejudice to Plaintiffs from a several-month delay, the interests of this Court in the management of its cases and the timely disposition of its cases, and the interests of judicial economy, we find that discovery in our case should continue. We see no reason at this time to indefinitely delay this case, and shall deny Defendant's Motion to Stay.

**AND NOW, this 5th day of February, 2007**, upon consideration of the Briefs of the parties, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Stay all proceedings in this case **(Doc. 148)** is **DENIED** without prejudice.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: February 5, 2007**